IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YADIRA E. RANGEL PAGAN,

    Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 13-1345 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Yadira E. Rangel Pagán (hereafter "Plaintiff") filed this action to obtain judicial review of the final decision of Defendant Commissioner of Social Security (hereafter "Commissioner" or "Defendant"), who denied her application for disability benefits, finding that Plaintiff was not disabled prior to her last insured date, December 31, 2008. (Docket No. 1).[1] On May 3, 2013, Plaintiff filed a consent to proceed before a Magistrate Judge. (Docket No. 3).[2] On December 17, 2013, the Commissioner answered the Complaint and filed a copy of the administrative record. (Docket Nos. 15 and 14). On March 6, 2014, Plaintiff filed her memorandum of law (Docket No. 19) and on May 15, 2014, the Commissioner filed its memorandum of law. (Docket No. 21). After careful review, the Court REMANDS the present case to the Administrative Law Judge ("ALJ") for further proceedings, in order to perform a physical examination, re-evaluate the totality of the

---

[1] 42 U.S.C. Sec. 405(g), provides for judicial review of the final decision of the Commissioner. "… [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

[2] The government has provided a general consent to proceed before a Magistrate Judge in all Social Security cases. Title 28 U.S.C. Section 636(b)(1)(A), (c)(1) and (c)(2); Fed.R.Civil P. 73(a).

evidence, and to re-evaluate Plaintiff's total ability to work in light of her combined mental and physical residual functional capacity.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

On March 28, 2011, Plaintiff, a former security guard, filed an application for disability benefits with an alleged onset date of disability of December 31, 2007. Plaintiff met the insured status requirement up to December 31, 2008. (Tr. p. 14 & 16).

The application was initially denied, as was the reconsideration. (Tr. pp. 302-305, 308-310). Plaintiff then requested an administrative hearing, which was held on December 12, 2012, and where Plaintiff testified regarding her alleged disabilities. (Tr. pp. 32-53). The presiding ALJ determined that Plaintiff had not engaged in any substantial gainful activity from her alleged onset date of December 31, 2007 until her last insured date, and that she had the following severe impairments: lumbar pain, decreased right eye vision and depression. (Tr. p. 16). He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 404.1526). (Tr. p. 18). Although the ALJ found Plaintiff could not perform her previous job as a security guard, he did find that Plaintiff could perform light work, except that she was limited to unskilled, simple repetitive tasks involving one or two steps and not requiring frequent normal bilateral vision and depth perception for small details and objects, and that there were jobs that existed in significant numbers in the national economy that she could perform. (Tr. p 26). The ALJ found that Plaintiff could be an usher, parking lot signaler and flagger, and therefore found her not disabled. (Tr. p. 27). The Appeals Council

subsequently denied Plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner, subject to review by this Court. (Tr. pp. 1-5).

Plaintiff objects to the ALJ's final decision, alleging that he erred in finding Plaintiff's mental impairment did not meet the criteria of listing 12.04 and that he further failed in properly ascertaining her residual functional capacity. The Commissioner argues the medical evidence and the administrative proceedings met the substantial evidence test that supports the ALJ's determination that Plaintiff's condition did not meet the criteria of section 12.04, and further, that the ALJ correctly evaluated Plaintiff's residual functional capacity.

## STANDARD

To establish entitlement to disability benefits, the burden is on the claimant to prove disability within the meaning of the Social Security Act (the "Act"). See, Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such

work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; see Bowen, 482 U.S. at 140-42; Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). At step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, where he or she must determine whether the claimant has a medically severe impairment or combination of impairments. See, §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step through which the ALJ determines whether the impairment prevents the claimant

from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e).

Once the ALJ determines that the claimant cannot perform his or her former kind of work, then the fifth and final step of the process demands a determination of whether claimant is able to perform other work in the national economy in view of the claimant's residual functional capacity, as well as his/her age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform any other work. §§ 404.1520(f).

In the case at bar, at step 4, the ALJ found that Plaintiff was unable to perform her past work as a security guard. (Tr. p. 25). At step 5, the ALJ determined that considering Plaintiff's age, education, work experience and residual functional capacity, she could perform other jobs which existed in significant numbers in the national economy, primarily that of an usher, parking lot signaler and flagger, and that she was therefore not disabled. (Tr. p. 26).

## LEGAL ANALYSIS

The Court's review in this type of case is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. See, Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by "substantial evidence", 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Sec'y of Health and Human Servs., 803 F.2d 24, 26 (1st Cir. 1986); Ortíz v. Sec'y

<u>Yadira E. Rangel Pagán v. Commissioner of Social Security</u>
Civil No. 13-1345 (CVR)
Opinion and Order
Page 6

---

of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). The term "substantial evidence" has been defined as "more than a mere scintilla." It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

More importantly, the Court must avoid reinterpreting the evidence or substituting its own judgment for that of the Commissioner. <u>Colón v. Sec'y of Health and Human Servs</u>, 877 F.2d 148, 153 (1st Cir.1989). "The findings of the [Commissioner] are conclusive if supported by substantial evidence and should be upheld even in those cases in which the reviewing Court, had it heard the same evidence de novo might have found otherwise." <u>Lizotte v. S.H.H.S</u>, 654 F.2d 127, 128 (1st Cir. 1981). However, although the Court cannot second-guess the ALJ's credibility findings, the Court does have the responsibility of making certain that the complete record has been considered by the ALJ.

The Court examines Plaintiff's second argument first -- that the ALJ failed to properly assess Plaintiff's residual functional capacity -- as it is dispositive of this case.

Reviewing the hearing transcript where Plaintiff testified in the present case, her answer to the second question posed by the ALJ was that she suffered from a severe depression and that she had back problems. (Tr. p. 36). She further testified she had two fractured discs, one herniated disc, and two pinched nerves, and described her physical limitations due to her condition. (Tr. pp. 36 and 41-43). While the record submitted contained a mental residual functional capacity assessment ("RFCA") performed by a consulting physician, Dr. Borges, it is surprisingly devoid of any physical RFCA to assess Plaintiff's physical limitations. Compounding this problem is the fact that Plaintiff suffers

Yadira E. Rangel Pagán v. Commissioner of Social Security
Civil No. 13-1345 (CVR)
Opinion and Order
Page 7

---

from partial blindness in one eye and is considered obese. In spite of these rather severe ailments, and lacking a physical RFCA, the ALJ still concluded that Plaintiff had the capacity for light work. (Tr. p. 26). The ALJ further found that:"[t]he vocational expert testified that the individual would not be able to perform these occupations nor any others without vision in the right eye, having intolerable and constant pain or with difficult attention and concentration. However, the undersigned finds that the evidence does not support limitations to this extent". (Tr. p. 27).

Certainly, this medical evidence of record could support a possible finding of Plaintiff not being disabled, simply because "the responsibility of weighing conflicting evidence, where reasonable minds could differ as to the outcome, fall on the Commissioner and his designee, the ALJ." Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001). However, the First Circuit has held that, "absent a residual functional capacity assessment from an examining psychiatrist [or physician], we do not think that [an] ALJ is equipped to conclude that [a] claimant's condition [presents] no significant limitation on ability to work." Rivera-Figueroa v. S.H.H.S., 858 F.2d 48, 52 (1st Cir.1988). An ALJ, as a lay fact finder, lacks the expertise to reach such a medical conclusion. Rivera-Torres v. S.H.H.S., 837 F.2d 4, 7 (1st Cir. 1988). Furthermore, where a claimant, as here, has objective symptoms of disability, the ALJ is required by the law of this Circuit to obtain a RFC evaluation from an examining medical expert. See, Rivera-Figueroa, 858 F.2d at 52. In cases where no RFCA is performed by an examining physician, a remand is warranted. Heggarty v. Sullivan, 947 F.2d 990, 997 n. 1 (1st Cir. 1991); Rivera-Torres, 837 F.2d at 6;

Rivera Ocasio v. Comm'r of Social Security Admin., 213 F.Supp.2d 81, 83 (D. Puerto Rico 2002). The Court finds this is one of those cases.

In the present case, an RFCA was necessary to determine exactly the degree of physical limitation that Plaintiff has, and how her partial blindness and weight may or may not affect her overall physical condition, as well as her mental limitations. The Vocational Expert clearly stated that Plaintiff would not be able to perform the jobs he testified about if she was in intolerable and constant pain and without vision in her right eye, but without an agency assessment as to what exactly these were, the ALJ was ill-equipped to conclude, as he did, that the evidence did not support Plaintiff's limitations to a debilitating extent. These are questions that only a physician can answer, and without such answers, the ALJ could not have made an informed assessment as to Plaintiff's residual function capacity. Consequently, because the precise extent of Plaintiff's functional limitations are not clear from the medical evidence, the Court must remand to the ALJ to develop such evidence, specifically, to perform a physical RFCA in order to determine Plaintiff's residual functional capacity, consider her subjective complaints of pain, evaluate her eye conditions and weight, and, then, re-evaluate Plaintiff's total capacity for work in light of her combined mental and physical residual functional capacity.

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge finds the Commissioner's decision is not based on substantial evidence, and therefore REMANDS the case so that a physical RFCA may be ordered, and for the ALJ to then reconsider to what

Yadira E. Rangel Pagán v. Commissioner of Social Security
Civil No. 13-1345 (CVR)
Opinion and Order
Page 9

---

extent Plaintiff's ability to work may or may not be affected by the combination of her physical and mental limitations, in light of that new evidence.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 19th day of August 2014.

                                              S/CAMILLE L. VELEZ-RIVE
                                              CAMILLE L. VELEZ RIVE
                                              UNITED STATES MAGISTRATE JUDGE